GLADNEY, Judge.
This action is one of two consolidated suits arising from a three car rear end collision which occurred November 13, 1964 at the intersection of 70th Street and Wyngate Boulevard in Shreveport. Plaintiffs herein are Clarence L. and Billie S. Apple. Named as defendants are Lee F. and Nannie Griffin Aycock and their liability insurers, New York Fire and Marine Underwriters, Inc. and St. Paul Mercury Insurance Company.
At the outset of the proceedings the defendants Aycock and the New York Fire and Marine Underwriters, Inc., conceded Mrs. Nannie Griffin Aycock, driver of the insured automobile, was negligent and these defendants contest only the question of quantum. St. Paul Mercury Insurance Company, which had issued to the defendants Aycock an automobile liability policy, denied liability thereon, contending that its policy was secured through material false statements made in the application for coverage with an intent to deceive and that the policy was void ab initio. Following trial with the consolidated case of Stinson v. Aycock et ah, La.App., 185 So.2d 904, judgment was rendered in favor of the plaintiffs, Clarence L. and Billie S. Apple, against the defendants Aycock and the New York Fire and Marine Underwriters, Inc. The judgment also sustained the position of St. Paul Mercury Insurance Company and rendered judgment in its favor, rejecting the demands of plaintiff. From these judgments the defendants Aycock and New York Fire and Marine Underwriters, Inc. have appealed. Plaintiffs have answered the appeal praying for an increase in the amounts of the awards.
The issues presented on this appeal involve first the question of liability, vel non, of St. Paul Mercury Insurance Company under the policy issued to Lee F. Ay-cock on October 1, 1964 and second, the amount of the award in damages to Mrs. Billie S. Apple.
Prior to the issuance of the St. Paul Mercury Insurance Company policy, a policy issued to the insured by the Home Indemnity Company expired and was not renewed. Application for insurance was made by Lee F. Aycock through Martin Braswell, a general insurance agent, who took the application for a policy with the St. Paul Mercury Insurance Company to the Aycocks’ home when Mrs. Aycock was *903 present. Braswell addressed to the Ay-cocks a number of questions, proper answers to which were required as a condition to the issuance of the policy. One of the questions which Aycock answered “No” was “Has any driver had moving traffic violations in the past three years?” The answers given by the Aycocks were given consideration by the company and the policy was issued as of October 1, 1964.
After the inception date of its policy St. Paul paid a collision loss on account of an accident which occurred October 14, 1964 but on November 27, 1964 a notice of cancellation was issued and the policy terminated. Aycock admitted his answer to the above question was in error for Mrs. Aycock had been convicted of a moving traffic violation (“DWI”) within three years, but testified he had no intention of concealing or misrepresenting anything in order to secure the policy. At the time he took the application Braswell was not advised of the issuance of the New York Fire and Marine policy which had been surcharged and issued to Mrs. Aycock in order for her to secure a driver’s license. The testimony of Braswell is quite clear that the policy would not have been issued nor would the application have been forwarded to St. Paul had he known of the violation by Mrs. Aycock.
It is earnestly contended that the payment of a collision loss under the policy is inconsistent with and constituted an estoppel against St. Paul’s contention that the policy was void ab initio. It is clear, however, that St. Paul was not immediately advised of the misrepresentation and that upon learning thereof it promptly gave notice of cancellation and terminated its policy. Therefore, it is our opinion that this argument is without merit. A further contention has been made that there was no competent evidence to show that St. Paul would not have written the insurance if the questions had been truthfully answered, it being argued that pertinent evidence was not given by one of the company’s underwriters who had the responsibility of determining whether a policy under such circumstances should be issued. This objection is met, we think, by the testimony of Braswell, who stated that he would not have transmitted the application to the company had he known the true facts. Accordingly, it is our conclusion there is no error in the finding of the trial judge that the policy as issued by St. Paul Mercury Insurance Company was void ab initio and that company incurred no liability by reason of the accident on November 13, 1964.
The trial judge rendered judgment in favor of Mrs. Billie S. Apple for the sum of $1,250 and in favor of her husband for $637.93 for special damages. The latter amount was stipulated and we are concerned only with the amount of the award in favor of Mrs. Apple. Plaintiffs insist this amount is inadequate and defendants argue that it is excessive. Mrs. Apple was treated by Doctors Wallace Brown and Ray E. King. Dr. Brown examined Mrs. Apple on November 13, 1964, the day of the accident, when she was admitted to the P & S Hospital complaining of a severe pain in her neck and dizziness. She was hospitalized from November 13 to November 15. X-rays were negative. Dr. Brown concluded that the patient had a sprain of the cervical spine area with some temporary disability. Later the patient complained of low back pain, dizziness and nausea. Further examinations by Dr. Brown on November 19, 27, December 10 and 11, 1964 resulted in a diagnosis of musculoskeletal pain of the back. Mrs. Apple’s final visit was on March 23 with a finding that the back ache had disappeared but occasionally it could flare up. The doctor classified the sprain as moderate. On December 14, 1964 Mrs. Apple was examined by Dr. Ray E. King, orthopedist, with no finding of objective symptoms. Plaintiff was complaining of pain and Dr. King concluded that this could result from muscle spasm although he was unable to observe any. The patient was given a muscle relaxant and advised to wear a corset for support
*904 The medical testimony clearly discloses that plaintiff’s injuries were of a minor and temporary nature and accordingly we have concluded that the award of the trial court of $1,250 for pain and suffering was neither inadequate nor excessive.
For the reasons hereinabove’set forth, the judgment of the trial court is affirmed. ■Costs of this appeal are assessed against .appellants.