GLADNEY, Judge.
This is one of two cases consolidated for the purpose of trial, the companion case being Apple v. Aycock et al., 185 So.2d 901, this day decided: The issues of fact and law involved herein are identical with those of its companion case above cited. The only issue requiring our further consideration is the question of quantum.with respect to' the' amount of $3,000 awarded by the trial court in favor of Mrs. Frances Stinson for personal injuries received in the accident of November 13, 1964. The award made in favor of George. R. Stinson for $833.12 for spécial damages was stipulated and this amount is not in dispute.
Plaintiff contends most' seriously the award in her favor is .-inadequate and should be substantially increased.' The defendants on the other hand argue that the amount so awarded is excessive and should be reduced.
At the time of the accident Mrs. Stinson was four months pregnant. Immediately following the accident she was examined by *905 Dr. James H. Eddy, Jr. at the Schumpert Hospital emergency room primarily to determine whether or not the accident would have any effect upon her unborn child. Dr. Eddy found Mrs. Stinson nervous and apprehensive but after a complete examination assured her her child was uninjured. Dr. Lewis S. Robinson, Jr., of whom Mrs. Stinson was a regular obstetrical patient, likewise concluded that the accident had no effect upon her pregnancy which would be uneventful with normal delivery. A report from Dr. Ford J. Macpherson, orthopedic specialist, dated July 23, 1965, stated that Mrs. Stinson complained of pain in the back of her neck and the left scapula area which had been accompanied by nausea and occasionally some vertigo. His conclusion was that there had been a combination of a spraining injury to the neck and shoulder musculature in a patient who had poor posture to begin with and who is apparently a mild rheumatoid. The patient was hospitalized for a period of two or three days and taught the use of cervical traction and moist heat. She was advised to contact Dr. Richard B. Langford with reference to rheumatoid arthritis which appeared to be mild. She returned to Dr. Macpherson for further examinations on July 30 and September 7 and October 21. It is apparent that all objective findings were negative and the complaints were of a subjective nature. Dr. Langford was of the opinion that there was no causal relationship between the rheumatoid arthritis and the accident of November 13, 1964. Mrs. Stinson and her husband testified that following the accident she was highly nervous and apprehensive about her unborn child; that she was emotionally upset and suffered from pain in her neck and shoulders and back. ‘
The evidence discloses Mrs. Stinson was extremely worried about possible injury to her unborn child and although assured by her doctors that the child was uninjured and that there’ would be normal delivery, she continued to be emotionally disturbed. Other than the emotion over possible in-;ury to her tinhorn' child, Mrs. Stinson’s complaints were due to a mild cervical sprain and some pain in the scapula, which were of a temporary nature.
After consideration of the circumstances and particularly with regard to the anxiety experienced by Mrs. Stinson, it is our conclusion that the award as made by the trial judge was neither excessive nor inadequate, and it will be affirmed.
Costs of .this appeal' are assessed against appellants. . .